Mrs. Larry Lynwood **LEDOUX** et al.,
Plaintiffs-Appellants,

v.

**PETROLEUM HELICOPTERS, INC.,** et
al., Defendants-Appellees.

No. 77-3454.

United States Court of Appeals,
Fifth Circuit.

Jan. 11, 1980.

Rehearing and Rehearing En Banc
Denied Feb. 12, 1980.

James L. Wheeler, New Orleans, La., for
plaintiffs-appellants.

McGlinchey, Stafford, Mintz & Hoffman,
Dermot S. McGlinchey, William V. Dalferes,

Jr., New Orleans, La., for defendants-appellees Petroleum Helicopters & Aetna Cas. &
Surety Co.

Before CHARLES CLARK, RONEY and
HENDERSON, Circuit Judges.

PER CURIAM:

The survivors of the pilot of a helicopter,
killed in a crash at sea, suffered dismissal of
their action for damages on the grounds
that the Workmen's Compensation laws of
Louisiana provided the exclusive remedy.
Because of intervening decisions, we reverse.

*Executive Jet Aviation, Inc., v. City of
Cleveland, Ohio,* 409 U.S. 249, 93 S.Ct. 493,
34 L.Ed.2d 454 (1972), established that the
crash of a land-based aircraft on a flight
between points within the continental United States could not invoke admiralty jurisdiction merely because the plane crashed in
navigable waters. The Court held that admiralty jurisdiction required not only maritime situs, but also maritime status, *i. e.,* a
significant relationship to traditional maritime activity.

The crash of the deceased's helicopter,
while it was being used in place of a vessel
to ferry personnel and supplies to and from
offshore drilling structures, bears the type
of significant relationship to traditional
maritime activity which is necessary to invoke admiralty jurisdiction. *Higginbotham
v. Mobil Oil Co.,* 357 F.Supp. 1164, 1167
(W.D.La.1973), *aff'd in part, rev'd in part,*
545 F.2d 422, 424 n.1, *rev'd on other
grounds,* 436 U.S. 618, 98 S.Ct. 2010, 56
L.Ed.2d 581 (1978). (See 98 S.Ct. 2012, n.2).

Because maritime jurisdiction exists, the
exclusive remedy provision of the Louisiana
Workmen's Compensation statutes cannot
control the rights of the parties. *Thibodaux v. Atlantic Richfield Co.,* 580 F.2d 841
(5th Cir. 1978). The judgment appealed
from is vacated and the case is remanded
for further consideration of the cause of
action pled.

VACATED and REMANDED.