**John Warren CLANAGAN, Plaintiff,**

v.

**WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, Defendant.**

Civ. A. No. 81–1481.

United States District Court, District of Columbia.

Sept. 2, 1982.

William F. Mulroney, James M. Hanny, and Michelle A. Parfitt, Ashcraft & Gerel, Washington, D.C., for John Warren Clanagan.

Vincent H. Cohen and Robert B. Cave, Hogan & Hartson, Washington, D.C., for Washington Metropolitan Area Transit Authority.

## MEMORANDUM OPINION

CHARLES R. RICHEY, District Judge.

Before the Court is defendant's motion for summary judgment, plaintiff's opposition thereto, and the entire record herein, the Court having heard oral argument by both sides on this matter. Defendant here contends that it is immune from suit because it was obligated to purchase workers' compensation coverage for plaintiff and thus is entitled to the protection of § 905(a) of the Longshoremen's and Harbor Workers' Compensation Action, 33 U.S.C. § 905(a) (1976).[1] Plaintiff argues that defendant should not be held immune because it was not obligated to purchase compensation coverage for plaintiff and because any arrangement by which defendant may have obtained immunity from this action is null and void as contrary to law. Upon careful consideration of these arguments, the Court holds that this action is barred by § 905(a) and, accordingly, should be dismissed.

## FINDINGS OF FACT

Plaintiff in this action seeks damages for injuries sustained while working as a hard rock miner on the Metro subway project. At the time of his injuries, plaintiff worked for subcontractors performing construction services for defendant, the general contrac-

---

1. This Act has been adopted by the District of Columbia as its workers' compensation law. D.C.Code § 36–501 (1973).

tor for the entire subway project. The subcontractors for whom he worked did not obtain workers' compensation insurance applicable to him.

Instead, defendant ·obtained insurance covering plaintiff. More precisely, the defendant required that all claims by workers on the Metro project be administered through its adjuster, the National Loss Control Service Corporation, and all claims be paid by its carrier, Lumberman's Mutual Casualty Insurance Co. Plaintiff applied for and received workers' compensation benefits for his injuries from defendant's carrier.

## CONCLUSIONS OF LAW

### I. DEFENDANT IS IMMUNE BECAUSE IT WAS OBLIGATED TO INSURE PLAINTIFF UNDER § 904(a)

On both sides, the parties to this action have argued that the entity that was obligated to purchase the workers' compensation coverage for plaintiff is entitled to the immunity under § 905(a). The parties disagree, however, as to who had that obligation—defendant, the general contractor for the Metro project, or the subcontractor, for whom plaintiff directly worked. On this question, the arguments by both sides rest on language from the same statutory provision, 33 U.S.C. § 904(a), which states:

> Every employer shall be liable for and shall secure the payment to his employees of the compensation payable under sections 907, 908, and 909 of this title. In the case of an employer who is a subcontractor, the contractor shall be liable for and shall secure the payment of such compensation to employees of the subcontractor unless the subcontractor has secured such payment.

Plaintiff argues from the first sentence of this provision that the subcontractor, and the subcontractor alone, had the obligation to purchase workers' compensation insurance for its employees. Plaintiff further relies on this sentence to suggest that the arrangement whereby the defendant took on the subcontractor's responsibility of pur-

chasing compensation insurance is contrary to law. Only plaintiff's direct employer, he says, should have obtained the insurance.

Defendant argues from the second sentence of § 904(a) that it was liable for purchasing workers' compensation for the employees of its subcontractor unless the subcontractor purchased the insurance itself. This sentence, defendant contends, puts the primary obligation on the general contractor, not the subcontractor, to purchase insurance. Defendant further argues that it would have been guilty of a misdemeanor under 33 U.S.C. § 938(a) had it failed to purchase compensation insurance for plaintiff as it did.

■ The Court finds that the defendant has proffered the better interpretation. On its face, § 904(a) plainly contemplates that *either* the subcontractor or the general contractor obtain workers' compensation insurance. This language has been part of the Act since it was passed in 1927. *See* S. 3170, 69th Cong., 2d Sess. § 4, reprinted at 68 *Cong.Rec.* 5404 (1972). It assures compensation coverage for workers performing for subcontractors: either the subcontractor picks up insurance for these workers or the general contractor must do so. The important thing is that the worker be insured.

Here, plaintiff *was* insured. By arrangement, the contractor and the subcontractor saw to it that there was compensation insurance that covered the plaintiff. Indeed, plaintiff has already received his compensation insurance award! Thus, the goal of the workers' compensation law has already been satisfied. As Congressman Firorella La Guardia stated at the time of the passage of the Act, workers' compensation seeks to "transfer from society and from the courts the expense of taking care of those injured in industry and transfer it to the industry itself." 68 *Cong.Rec.* 5412 (1927).

■ The position that plaintiff has urged on this Court is that defendant may be sued at common law even though it obtained the only insurance applicable to plaintiff and

paid plaintiff's compensation claim. This position has been characterized as "extreme" by the leading treatise in the area of workers' compensation. *See* 2A Larson, *Workmen's Compensation Law* § 72.31(c), at 14–135 (1982). While there are courts outside this jurisdiction that have adopted that position, *see, e.g., Fiore v. Royal Painting Co., Inc.,* 398 So.2d 863 (Fla.App.1981), this Court declines to do so.

■ The Court views as without merit plaintiff's contention that the arrangement whereby defendant took on the responsibility for purchasing compensation insurance for its subcontractors' employees is null and void as contrary to law. The difficulty with this argument is that the second sentence of § 904(a) appears to contemplate precisely such arrangements where the subcontractor does not purchase compensation insurance and the general contractor does. Also, as defendant has aptly noted, no question has previously been raised about the legality of this arrangement, either by the Department of Labor, the administrative agency charged with overseeing such programs, or by plaintiff himself at the time he collected an award under defendant's compensation program.

To be sure, the present case does not present a situation in which the general contractor purchased needless insurance for employees who were already insured by a subcontractor. Thus, the situation here is distinguishable from that presented in *Thomas v. George Hyman Construction Co.,* 173 F.Supp. 381 (D.D.C.1959) and *DiNicola v. George Hyman Construction Co.,* 407 A.2d 670 (D.C.1979), cases which have been cited by plaintiff in support of his view. Rather, the two apposite decisions in this jurisdiction support the position proffered by defendant that it should be held immune. *See Johnson v. Bechtel Associates Professional Corporation,* CA No. 81–0963 (D.D.C. Aug. 24, 1982) (Corcoran, J.); *Eighmey v. Bechtel Associates Professional Corporation,* CA No. 81–1261 (D.D.C. July 30, 1982) (Green, J.).

## II. PLAINTIFF CAN STILL BRING SUIT AGAINST THE SUBCONTRACTOR WHO EMPLOYED HIM

■ Although the defendant in this action is immune from suit, the Court is of the opinion that plaintiff still has other remedies at common law, beside the compensation award he has already received. Under 33 U.S.C. § 933, plaintiff is eligible to sue any person "other than the employer or a person in his employ," even though he has elected to receive compensation from defendant. Under District of Columbia law, this provision has been interpreted to allow suits against a general contractor where plaintiff has previously received compensation from his subcontractor employer. *See Liberty Mutual Insurance Co. v. Goode Construction Co.,* 97 F.Supp. 316 (E.D.Va. 1951) (applying D.C. law). The Court sees no reason why, in the present situation where plaintiff received compensation from the general contractor, a "third-party" suit could not be brought against the subcontractor who has contributed nothing toward plaintiff's compensation. Although this Court has previously dismissed an attempt by Bechtel Associates to bring the subcontractor into this action, plaintiff can still bring an independent action of his own.

One possible obstacle that might be raised to such a suit is the statute of limitations.[2] However, this Court has already held that the statute of limitations in this action did not begin to run until the date of *discovery* of the injury for which plaintiff seeks relief. *See also Fearson v. Johns Manville Sales Corp.,* 525 F.Supp. 671 (D.D.C.1981). Plaintiff here did not discover he had pneumoconiosis until June 3, 1981. So, presumably, he has until three years from that date to bring suit against "third-parties" such as the subcontractor for whom he worked. If he wishes relief at common law, that is the course he ought to take.

## CONCLUSION

Having found that defendant was obligated by § 904(a) to purchase insurance

---

**2.** Defendant in this action has already raised the issue of statutory bar. However, the Court need not reach the issue here because of its holding under § 905(a).

applicable to plaintiff, which it did, the Court hold that defendant is immune from suit under § 905(a).

An Order in accordance with the foregoing shall be issued of even date herewith. Thus, defendant's motion for summary judgment shall be granted and this action against defendant shall be dismissed.