**Carroll W. REEVES, Plaintiff-Appellant,**

v.

**OFFSHORE LOGISTICS, INC., et al., Defendants-Appellees.**

**No. 82–4578**

**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Dec. 5, 1983.

J.N. Prather, Jr., Lafayette, La., for plaintiff-appellant.

Howard W. Martin, Lafayette, La., for defendants-appellees.

Before CLARK, Chief Judge, RUBIN and JOLLY, Circuit Judges.

## 836

**PER CURIAM:**

Carroll W. Reeves, plaintiff, appeals the district court's granting of summary judgment in favor of the defendant Offshore Logistics, Inc. Because we find no genuine issue of material fact, and because we find cases from this circuit dispositive on the legal issues involved, we affirm the dismissal.

### I.

Reeves was a helicopter pilot for Air Logistics when the helicopter he was flying collided with another Air Logistics helicopter over a swampy area in southeast Louisiana. At the time of the crash Reeves was performing his regular employment duty of transporting offshore oil workers from the mainland to drilling platforms in the Gulf of Mexico. The helicopter did not have pontoon landing gear enabling it to take off and land on water. Reeves sustained severe injuries in the crash.

Reeves filed this suit against his employer, Air Logistics, in the United States District Court for the Western District of Louisiana under the Jones Act, 46 U.S.C. § 688 (1976), and general maritime law. At the same time, he also filed a civil claim against Bell Helicopter Textron, Inc., invoking diversity jurisdiction. Before discovery was completed, both defendants moved for summary judgment.

The district court denied Bell Helicopter's motion, but granted Air Logistics' motion on the grounds that Reeves was not a "seaman" because a helicopter is not a vessel. The district court also noted that if the swamp where the helicopter crashed is navigable water, as the plaintiff claims, then his suit against Air Logistics is barred by the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901–50 (1976). Reeves appeals.

Because we agree with the district court that a helicopter is not a vessel, we do not address the question whether the crash occurred in navigable water.

### II.

To recover damages from his employer in maritime tort for maintenance and cure and breach of the warranty of seaworthiness, or to recover damages under the Jones Act, Reeves must be a "seaman." A seaman is one who is assigned permanently to a vessel, and whose duties contribute to the mission or operation of the vessel. *Offshore Co. v. Robison,* 266 F.2d 769, 779 (5th Cir.1959). Clearly, if Reeves is to prevail in this action, the helicopter he was operating must have been a vessel.

In *Barger v. Petroleum Helicopters, Inc.,* 692 F.2d 337 (5th Cir.1982), *cert. denied,* —— U.S. ——, 103 S.Ct. 2430, 77 L.Ed.2d 1316 (1983), this court disposed of the question whether a helicopter used to ferry workers to and from offshore drilling platforms is a vessel. In *Barger,* the plaintiff, like Reeves, was a helicopter pilot who transported workers and equipment from the mainland to platforms in the Gulf of Mexico. One day, the helicopter he was flying crashed into the Gulf forty miles offshore, killing all aboard. Barger's estate filed suit, alleging counts in maritime tort and under the Jones Act. A central issue in the case was whether the helicopter was a vessel within the meaning of the Act and maritime tort law.

In holding that the helicopter was not a vessel, the court noted that even if equipped with pontoons that allowed them to land on water, helicopters are vehicles designed primarily to travel in the air. "Neither a plane nor a helicopter," said the court, "undergoes a miraculous transformation from aircraft to vessel when pontoons are attached to it, and their pilots do not by this act become members of a 'vessel's' crew." *Id.* at 339. Characterizing the accident in *Barger* as an aircraft disaster, the court decided the plaintiff could not recover under the Jones Act or in maritime tort law. *Id.* at 340. Certainly, if a pontoon helicopter is not a vessel, neither is Reeves's helicopter that had no pontoons.

Reeves argues that he is a "modern day seaman" who transports men and materials across navigable waters in a modern day

vessel. He cites *LeDoux v. Petroleum Helicopters, Inc.,* 609 F.2d 824 (5th Cir.1980), and *Smith v. Pan Air Corp.,* 684 F.2d 1102 (5th Cir.1982) to support his argument. His reliance on these cases, however, is inappropriate.

In *LeDoux* the court held that a deceased's helicopter used to transport personnel and materials from land to offshore drilling platforms was sufficiently related to traditional maritime activity to warrant invoking maritime jurisdiction. *See Executive Jet Aviation, Inc. v. City of Cleveland,* 409 U.S. 249, 93 S.Ct. 493, 34 L.Ed.2d 454 (1972). The court in *LeDoux* did not reach the question whether the helicopter pilot was a seaman or whether the helicopter was a vessel.[1]

In *Smith* the court also exercised its maritime jurisdiction over a helicopter pilot, Kolb, killed in a crash at sea. As explained in *Barger,* however, the jurisdiction in *Smith* depended solely on cases interpreting the Death on the High Seas Act, 46 U.S.C. §§ 761–768 (1976), that extend federal maritime jurisdiction to all wrongful deaths occurring "beyond a marine league from the shore of a State." *Executive Jet Aviation, Inc.,* 409 U.S. at 271 n. 20, 93 S.Ct. at 506 n. 20 (1972). The plaintiff in *Smith* did not have to prove that the decedent was a seaman or that the helicopter was a vessel. *Smith,* then, cannot stand for the proposition that a helicopter is a vessel. *Barger,* 692 F.2d at 338–39.

■ Because the helicopter in this case was not a vessel, Reeves was not a seaman. Consequently, he has no cause of action either in maritime tort or under the Jones Act. As the district court noted, he may pursue his remedies under the Longshoremen's and Harbor Workers' Compensation Act. The decision of the district court granting the defendant's motion for summary judgment, is

AFFIRMED.

---

1. The *LeDoux* opinion does not specify the theory under which the plaintiff proceeded. The plaintiff, however, was the personal representative of the helicopter pilot. The issue of whether the pilot was a seaman, and therefore whether the helicopter was a vessel, would arise only if the plaintiff proceeded under the Jones Act. The reported opinion gives no indication that the plaintiffs proceeded under the Jones Act.