Justice White,
with whom Justice Blackmun joins,
dissenting.
This case presents the question whether an injured worker who is receiving benefits under the Longshore and Harbor Workers’ Compensation Act (LHWCA), 33 U. S. C. §901 et seq., may be barred by a state-law immunity available to “statutory employers” from asserting a tort claim against a contractor for whom his immediate employer was performing work at the time of the injury.
Respondent Universal Fabricators, Inc. (Unifab), hired petitioner’s employer, 4-D Corrosion Control, to perform painting and sandblasting work at Unifab’s shipyard. Petitioner was injured while setting up sandblasting equipment at the shipyard in the course of his employment with 4-D Corrosion Control. Petitioner began receiving LHWCA benefits on account of his injury. *1227 He subsequently filed a tort suit against Unifab and others in Louisiana state court.
The trial court granted summary judgment in favor of Unifab, and the Louisiana Court of Appeal affirmed. 508 So. 2d 975 (1987). The Court of Appeal rejected petitioner’s contention that, when a worker who is receiving LHWCA benefits seeks to recover in tort from those allegedly responsible for his injury, the LHWCA pre-empts any “statutory employer” immunity to which the defendants might- otherwise be entitled under state law. The court could discern in the language and legislative history of the LHWCA “no intent by Congress to negate the available defenses provided by state law to third-party claims brought pursuant to state law.” Id., at 982. Accordingly, because petitioner’s suit against Unifab was based on state law rather than federal law, the suit was held to be barred by the “statutory employer” immunity available to Unifab under the Louisiana Worker’s Compensation Law, La. Rev. Stat. Ann. §§23:1032, 23:1061 (West 1985). The Louisiana Supreme Court, with two justices dissenting, denied discretionary review. 514 So. 2d 127 (1987).
The decision below is consistent with the decision of the Court of Appeals for the Fourth Circuit in Garvin v. Alumax of South Carolina, Inc., 787 F. 2d 910, 916-918, cert. denied, 479 U. S. 914 (1986), but inconsistent with the decisions of the Court of Appeals for the Fifth Circuit in Gates v. Shell Oil, 812 F. 2d 1509, 1513-1514 (1987), and Martin v. Ingalls Shipbuilding, 746 F. 2d 231 (1984) (per curiam).
Appellate courts having major concern with maritime law are thus in conflict over the pre-emptive scope of the LHWCA. For this reason, I would grant certiorari.