# JOSEPH F. MCBRIDE, II

## v.

# METRIC CONSTRUCTORS, INC. AND NEWPORT NEWS SHIPBUILDING & DRYDOCK CO.

Record No. 881154

January 12, 1990

Present: Carrico, C.J., Compton, Stephenson, Russell, Whiting and Lacy, JJ., and Harrison, Retired Justice

*John H. Klein (Rutter & Montagna*, on brief), for appellant.
*Lance A. Jackson; Carter B. S. Furr (Berryman Green, IV;
Breeden, MacMillan & Green; Jett, Berkley, Furr & Padgett*, on
briefs), for appellees.

JUSTICE WHITING delivered the opinion of the Court.

This case involves the interplay between the federal Longshore-
men's and Harbor Workers' Compensation Act (the federal act),
33 U.S.C. §§ 901-950, and the Virginia Workers' Compensation
Act (the state act), Code §§ 65.1-1 to -163. Specifically, we de-
cide whether a worker injured in Virginia, covered by both acts
but compensated under the federal act, can maintain a common-
law negligence action against a party who is immune from such
actions under the state act but not the federal act.

Joseph F. McBride, II, a painter employed by Caliper Support Services, Inc. (Caliper), was loaned to Virginia Coatings, Inc., which had subcontracted to paint pipes in a mechanical tunnel being constructed by Metric Constructors, Inc. (the general contractor). The general contractor had contracted with the Newport News Shipbuilding & Drydock Co. (the owner) to construct the tunnel in the owner's shipyard adjacent to the James River. On July 16, 1985, while McBride was painting in the tunnel, he was struck and injured by a falling pipe.

McBride was compensated by Caliper under the federal act and later brought this common-law negligence action against the general contractor and the owner to recover damages for his personal injuries. Both defendants filed pleas asserting that the trial court had no subject-matter jurisdiction over them because McBride's coverage under the state act precluded his assertion of common-law remedies against them.

The parties stipulated that McBride was injured while working in an area subject to the concurrent application of both acts, and that his injury was compensable under either act. After considering the stipulations and hearing evidence, the trial court sustained the defendants' jurisdictional pleas and dismissed McBride's action. We granted this appeal to McBride.

■ The parties agree that if the state act controls, the provisions of Code §§ 65.1-29, -31 and -40 preclude McBride from maintaining this action against the owner and the general contractor because they are considered McBride's statutory employers under the provisions of the state act. They also agree that if the federal act controls, its provisions permit this action against the owner and the general contractor because, under the circumstances of this case, they are not considered McBride's "employers" under the federal act. Also, McBride recognizes the concurrent application of the federal and state acts to his compensation claim; however, he contends that the state act does not affect his common-law action for two reasons.

■ First, he asserts that neither defendant can claim the benefit of the state act's immunity provisions because he made no claim for compensation under the state act. McBride, however, overlooks the fact that state tort law governs negligence actions arising out of industrial accidents which occur in an area within the concurrent application of the federal act and a state compensation statute. *Victory Carriers, Inc.* v. *Law*, 404 U.S. 202, 211-12

(1971). Under Virginia tort law, it makes no difference that Mc-Bride made no claim under the state act. Code § 65.1-23 binds McBride to all provisions of the state act, regardless of whether he files a claim thereunder. Therefore, our consideration of the issues is governed by the same principles that apply in a case where compensation coverage is sought under the state act.[1] *Cinnamon v. International Business Machines, Inc.*, 238 Va. 471, 474, 384 S.E.2d 618, 619 (1989); *Carmody v. F.W. Woolworth Co.*, 234 Va. 198, 203, 361 S.E.2d 128, 131 (1987); *Henderson v. Central Telephone Co.*, 233 Va. 377, 382, 355 S.E.2d 596, 599 (1987).

Second, McBride contends that two 1984 amendments to the federal act created a federal cause of action against the defendants which could not be affected by the immunity provisions of the state act. McBride bases his argument on the amendments to §§ 904(a) and 905(a) of the federal act. 33 U.S.C. § 904(a) (1982), *amended by* 33 U.S.C. § 904(a) (Supp. V 1988); 33 U.S.C. § 905(a) (1982), *amended by* 33 U.S.C. § 905(a) (Supp. V 1988).

█ Prior to the 1984 amendments, these provisions were interpreted to permit injured employees of subcontractors, who had received compensation benefits from their employers, to bring common-law actions against general contractors involved in the same project. *See Moragne v. States Marine Lines*, 398 U.S. 375, 394-95 n.11 (1970). But if the subcontractor failed to secure compensation insurance or qualify as a self-insurer, and the general contractor provided such coverage to the worker, the general contractor, rather than the subcontractor, was entitled to statutory immunity under the federal act. *Clanagan v. Washington Metro. Area Transit Auth.*, 558 F. Supp. 209, 211-12 (D.D.C. 1982).

█ In *Washington Metro. Transit Auth. v. Johnson*, 467 U.S. 925, 934 (1984), based on what was described as a "slightly strained reading of the word 'employer'" as used in §§ 904(a) and 904(b), the Court extended the "employer's" immunity to a general contractor which had provided compensation coverage to its subcontractors' employees. *Id.* at 936. In *Johnson*, the general contractor provided this coverage as a policy decision to ensure that all employees on the job were covered, even though there was no evidence that the subcontractors had "affirmatively" defaulted

---

[1] Indeed, in oral argument, McBride contended that the immunity provisions of the state act could not be applied even if he had received compensation under the state act.

on their obligation to provide such coverage. Additionally, the Court in *Johnson* suggested that the subcontractors also qualified for immunity because they reduced their bids to reflect that the general contractor had purchased a "wrap-up" compensation insurance policy protecting the subcontractor, as well as the general contractor. *Id.* at 940-41 n.14. Within three months of that decision, Congress amended § 904(a) to provide:

> Every employer shall be liable for and shall secure the payment to his employees of the compensation payable under sections 907, 908, and 909. In the case of an employer who is a subcontractor, *only if such subcontractor fails to secure the payment of compensation shall the contractor be liable for and be required to secure the payment of compensation.* A subcontractor shall not be deemed to have failed to secure the payment of compensation if the contractor has provided insurance for such compensation for the benefit of the subcontractor.

33 U.S.C. § 904(a) (Supp. V 1988) (amending 33 U.S.C. § 904(a) (1982)) (emphasis added).

As pertinent here, § 905(a), which provides for "employer" immunity from common-law actions, was amended by the addition of the following sentence: "For purposes of this subsection, a contractor shall be deemed the employer of a subcontractor's employees only if the subcontractor fails to secure the payment of compensation as required by section 904 of this title." 33 U.S.C. § 905(a) (Supp. V 1988) (amending 33 U.S.C. § 905(a) (1982)).

To find that these amendments *create* a federal cause of action, independent of the immunity provisions of the state act, we must conclude that their language clearly expresses a Congressional intent to expand federal maritime jurisdiction into an area traditionally controlled by state law. In *Gardner* v. *Old Dominion Stev. Corp.*, 225 Va. 599, 303 S.E.2d 914 (1983), we quoted *Holland* v. *Sea-Land Service, Inc.*, 655 F.2d 556, 559 (4th Cir. 1981), which stated that the federal courts "scrupulously confine federal admiralty jurisdiction to the precise limits defined by Congress." *Gardner*, 225 Va. at 603, 303 S.E.2d at 916 (emphasis omitted).

Our review of these amendments discloses neither an express nor an implied intent to expand federal admiralty jurisdic-

tion as McBride contends.[2] On the contrary, we read them solely as a congressional modification of *Johnson*'s expansive interpretation of the "employer" immunity provisions of the federal act in areas already subject to exclusive federal jurisdiction.

Only two federal cases have been cited, and we have found no others, which deal with this issue. The courts in both cases expressly rejected the argument that these amendments to the federal act created a federal cause of action in areas of concurrent jurisdiction. *Griffis* v. *Gulf Coast Pre-Stress Co., Inc.*, 850 F.2d 1090, 1092 (5th Cir. 1988); *Garvin* v. *Alumax of South Carolina, Inc.*, 787 F.2d 910, 912 (4th Cir.), *cert. denied*, 479 U.S. 914 (1986). Moreover, *Garvin* explicitly recognized that a tort claim by an injured worker was a state cause of action and, therefore, such a worker was subject to a general contractor's immunity defense provided by a state compensation statute. *Garvin*, 787 F.2d at 917-18.

Finding no merit in either of McBride's contentions, we conclude that the state act controls in this case. Therefore, the trial court correctly sustained the defendants' pleas in bar. Accordingly, the judgment will be

*Affirmed.*

---

[2] McBride quotes from the "Joint Explanatory Statement of the Committee Conference." The following portions of McBride's quotation belie his claim that the amendment not only negated *Johnson* but also created a new federal cause of action.

The Conference substitute, in disapproving *WMATA* v. *Johnson*, achieves the following: First, the obligation of the contractor to secure compensation for the employee of the subcontractor is a contingent one, which is triggered only upon the failure of the subcontractor to secure compensation for its own employees. Second, the contractor *remains amenable* to suit by its subcontractors' employees in those instances where the subcontractor-employer has fulfilled its statutory obligation to secure compensation for its employees. . . .

Cong. Rec. H9598 (daily ed. Sept. 14, 1984) (emphasis added).

If Congress had intended to create a federal cause of action in tort, in circumstances traditionally governed by state tort law, the committee report surely would have discussed it. We cannot assume that it was unmindful of *Victory Carriers*.