## CIRCUIT COURT OF THE CITY OF NORFOLK

Michael Mizenko

v.

Electric Motor & Contracting Co., Inc.,
and Metro Machine Corp.

January 22, 1991

Case No. (Law) L-88-1166

By JUDGE THOMAS R. McNAMARA

In *McBride v. Metric Constructors, Inc.*, 239 Va. 138 (1990), the Virginia Supreme Court stated:

> Specifically, we decide whether a worker injured in Virginia, covered by both acts but compensated under the federal act, can maintain a common law negligence action against a party who is immune from such actions under the state act but not the federal acts.

The Court held that the action was barred by the state act.

In the case at bar, the question is modified only slightly: Can such an injured worker maintain a negligence action asserting its basis in maritime law against a party who is otherwise immune by state act?

The only factual distinction of substance is that here the injury occurred on board a docked vessel, while in *McBride*, the injury occurred in a tunnel adjacent to the river. The procedural distinction lies in the assertion in the case at bar of a "right to sue" pursuant to the Longshoremen and Harbor Workers' Act, in an action based

upon maritime law. *See* Motion for Judgment, paragraph 5:

> 5. Plaintiff has received compensation and medical payments under the Longshoremen and Harbor Workers' Act through the insurance representative for Abacus Temporary Services, Inc., his employer, and pursuant to that Act, has a right to sue any and all other third parties other than his direct employer.

As to the factual distinction, it seems · clear that the characterization of the work as maritime but local is compelled in each instance by the site and circumstances of the occurrence, and both state and federal acts apply in both cases.

As to procedure, *McBride* recognizes that the "right to sue" is not created by the federal statute, even in cases where compensation under the Longshoremen and Harbor Workers' Act was resorted to, and that a covered worker is bound to all provisions of the state act whether he elects to receive its benefits or not. And under *American Original Foods, Inc., et al. v. Ford*, 221 Va. 557 (1980), a worker is covered under the Virginia act when a marine industrial accident is maritime but local.

Accordingly, plaintiff, being eligible for Virginia Workmen's Compensation, is governed by the terms of the state act and is barred from asserting a tort action for negligence against those whom the act declares immune.

Summary judgment will be granted.