James P. WARD, Plaintiff,

v.

NORFOLK SHIPBUILDING AND DRYDOCK CORPORATION, Defendant.

Civ. A. No. 91–116–N.

United States District Court, E.D. Virginia, Norfolk Division.

Aug. 12, 1991.

Ralph Rabinowitz, Rabinowitz, Rafal, Swartz, Taliaferro & Gilbert, Norfolk, Va., for James P. Ward.

Charles F. Tucker, Vandeventer, Black, Meredith & Martin, Norfolk, Va., for Norfolk Shipbuilding & Drydock.

George J. Dancigers, Heilig, McKenry, Fraim & Lawler, Norfolk, Va., for Indus. Marine Service.

## ORDER

CLARKE, District Judge.

This matter comes before the Court on the motion of the defendant, Norfolk Shipbuilding and Drydock Corporation (Norshipco), for summary judgment, and on the motion of the third-party defendant, Industrial Marine Service, Inc. (IMS), to dismiss Norshipco's third-party complaint for lack of subject matter jurisdiction. Norshipco's motion presents the question whether an injured worker who is receiving benefits under the Longshore and Harbor Workers' Compensation Act (LHWCA), 33 U.S.C. §§ 901–950, may be barred by a state-law immunity available to "statutory employers" from asserting a tort claim against a contractor for whom his immediate employer was performing work at the time of the injury. *See Lewis v. Modular Quarters*, 487 U.S. 1226, 108 S.Ct. 2886, 101 L.Ed.2d 920 (1988) (dissenting opinion) (White, J., dissenting from denial of certiorari). IMS's motion presents the question whether the exclusivity provisions of the Virginia State Worker's Compensation Act (Virginia Act), Va.Code §§ 65.1–1 to –163, or of the LHWCA bar a contractual indemnity action by a contractor against a subcontractor, when neither the contractor nor the subcontractor is the immediate employer of the harbor worker suing the contractor. For the reasons outlined below, the Court denies both motions.

### Facts

The United States Navy entered into a contract with Norshipco to conduct repairs upon the USS *L.Y. Spear.* Norshipco entered into a contract with IMS to perform some of the repair work, and IMS obtained workers from Abacus Temporary Services, Inc. (Abacus) to perform a tank cleaning job aboard the vessel. The plaintiff, James P. Ward, was one of these workers. According to the plaintiff's complaint, he was working aboard the *L.Y. Spear* upon navigable waters when a welder employed by Norshipco negligently "dropped fire" in the area where he was working, causing him to fall and sustain injury.

Ward asserts that his cause of action is a negligence cause of action against Norshipco, arising under the admiralty and maritime Law of the United States. He seeks $75,000.00 in damages from Norshipco. *See* Complaint, at 1–2 (filed Feb. 20, 1991). Norshipco filed a third-party complaint against IMS for indemnity or contribution based upon negligence or breach of warranty of workmanlike performance in the event that Norshipco is found liable to the plaintiff. *See* Third Party Complaint, at 1–2 (filed Apr. 29, 1991). Norshipco then filed a motion for summary judgment against the plaintiff, and IMS filed its motion to dismiss Norshipco's third-party complaint. The Court will address Norshipco's motion for summary judgment first.

### Federal Preemption

In support of its motion for summary judgment, Norshipco argues that because the plaintiff was a harbor worker injured on navigable waters, his cause of action falls within the "twilight zone"—that area where an injured harbor worker is eligible for benefits under either the LHWCA or under a state compensation statute, in this case the Virginia Act. Norshipco takes the position that because the plaintiff was injured in the twilight zone, the Virginia Act disallows him from bringing a negligence action against Norshipco. *See McBride v. Metric Constructors, Inc.,* 239 Va. 138, 387 S.E.2d 780 (1990). Ward, on the other hand, takes the position that he has a cause of action against Norshipco under federal maritime law, and the Supremacy Clause prevents the Virginia Act from barring his federal maritime cause of action.

Under the Virginia Act, a contractor such as Norshipco is the "statutory employer" of a subcontractor's or sub-subcontractor's employee, and therefore liable for compensation to such an employee. The exclusivity provision of the Virginia Act makes the contractor immune from suit for negligence, provided the subcontractors were performing the "normal work" of the

contractor. *See* Va.Code §§ 65.1–30, –31, –40; *Farish v. Courion Industries, Inc.,* 722 F.2d 74, 78–80 (4th Cir.1983). The LHWCA reaches the opposite result with respect to the liability of a contractor to a subcontractor's injured employee. A 1984 amendment to the LHWCA specifically states that a contractor "shall be deemed the employer of a subcontractor's employee only if the subcontractor fails to secure the payment of compensation required by § 904." 33 U.S.C. § 905(a). Under the LHWCA, then, Norshipco would not be immune from suit, because the subcontractor Abacus has secured payment of compensation to the plaintiff. *See* Plaintiff's Brief in Opposition to Norfolk Ship's Motion for Summary Judgment, at 2 (filed May 23, 1991).

The closest case presenting the issue in the Fourth Circuit is *Garvin v. Alumax of South Carolina, Inc.,* 787 F.2d 910 (4th Cir.), *cert. denied,* 479 U.S. 914, 107 S.Ct. 314, 93 L.Ed.2d 288 (1986). Garvin was injured while working on a pier adjacent to navigable waters. No vessel was alongside the pier. He brought an action "grounded solely in common law negligence" against Alumax, the contractor who had hired his immediate employer. *Id.* at 911. The contractor sought to defend on the basis that it was a "statutory employer" under the South Carolina worker's compensation act, and was therefore immune from suit.[1] The Court of Appeals for the Fourth Circuit agreed with the contractor. The court held that because Garvin's claim was a state law negligence claim, state law governed the scope of the claim, including the available defenses. *Id.* at 917. The court reasoned that although the LHWCA "lays down some procedural rules ... it does not create any cause of action against a third party, except with respect to claims against vessels, or to define circumstances affecting the right of the insured claimant to prevail in any action that may be brought against a third party." *Id.; see* 33 U.S.C. § 933(b). Because the court concluded that Garvin had no federal cause of action

---

**1.** South Carolina's worker's compensation law provided the same "statutory employer" immunity to contractors that the Virginia Act provides. *See Garvin,* 787 F.2d at 918–19 (Murnaghan, J., dissenting).

against the contractor under the LHWCA, it concluded that the South Carolina immunity rule did not "frustrate the effectiveness of any federal law." *Garvin*, 787 F.2d at 918.

The facts of the case at bar are different from the facts in *Garvin* in two respects. First, Ward was injured while aboard a vessel upon navigable waters, rather than on a pier with no vessel alongside. Second, Ward purports to assert a federal maritime negligence action against his contractor, rather than a state law negligence claim. These differences are dispositive. As *Garvin* explicitly holds, "[t]he federal immunity rule is to be applied when the third party claim is a federal claim; when the third party claim is a state law claim, the immunity rules of that state are to be applied." *Id.* at 917. Under this holding, if Ward has a federal claim against Norshipco, the federal immunity rule applies, which operates to provide immunity only for Ward's immediate employer Abacus, thereby leaving Norshipco subject to suit. This rule, derived from *Garvin,* is consistent with the Supreme Court's holding in *Pope & Talbot, Inc. v. Hawn,* 346 U.S. 406, 74 S.Ct. 202, 98 L.Ed. 143 (1953), in which the Court stated that "a state may not deprive a person of any substantial admiralty rights as defined in controlling acts of Congress or by interpretative decisions of this Court." *Id.* at 410, 74 S.Ct. at 205.

The ultimate issue in this case, then, is whether Ward has a federal maritime cause of action against Norshipco. As *Garvin* holds, the LHWCA does not of itself create a cause of action in favor of an employee against a third party, unless the third party is a vessel. *Id.;* see 33 U.S.C. § 933. Ward therefore may not rely on the LHWCA to provide him with a cause of action against Norshipco. But simply because the LHWCA does not create such a cause of action does not mean such a cause of action does not exist under federal maritime law.

The plaintiff cites a number of cases from the Third and Fifth Circuits in which the courts held that a state worker's compensation act could not bar an employee's right to sue for a maritime tort. *See Purnell v. Norned Shipping B.V.,* 801 F.2d 152 (3d Cir.1986), *cert. denied,* 480 U.S. 934, 107 S.Ct. 1576, 94 L.Ed.2d 767 (1987); *Ledoux v. Petroleum Helicopters, Inc.,* 609 F.2d 824 (5th Cir.1980); *Thibodaux v. Atlantic Richfield Co.,* 580 F.2d 841 (5th Cir.1978), *cert. denied,* 442 U.S. 909, 99 S.Ct. 2820, 61 L.Ed.2d 274 (1979). Each of these cases, however, involved a federal maritime claim for wrongful death—a specific federal maritime cause of action created by the Supreme Court in *Moragne v. States Marine Lines, Inc.,* 398 U.S. 375, 90 S.Ct. 1772, 26 L.Ed.2d 339 (1970). The case at bar does not involve a wrongful death claim, so these cases are not persuasive.

The plaintiff also cites *Duty v. East Coast Tender Service, Inc.,* 660 F.2d 933, 948 (4th Cir.1981), *cert. denied,* 455 U.S. 945, 102 S.Ct. 1442, 71 L.Ed.2d 657 (1982), for the proposition that "[t]he negligence action that falls within traditional maritime jurisdiction, if brought pursuant to the [LHWCA] is a maritime negligence action applying maritime law." Plaintiff's Brief in Opposition to Norfolk Ship's Motion for Summary Judgment, at 10 (filed May 23, 1991). This case also does not support the plaintiff's claim; the maritime negligence action in the case was a negligence action against the vessel, a remedy explicitly created by § 905(b) of the LHWCA, and thus an action specifically created by federal statutory law. *See Duty,* 660 F.2d at 936–37. The question therefore becomes, in the absence of a federal statutory cause of action for negligence against a non-vessel third party, and in the absence of a Supreme Court case creating such a cause of action in the way that *Moragne* created a federal maritime wrongful death cause of action, does a federal maritime negligence cause of action exist for a harbor worker against a non-vessel third party?

The Court holds that such a cause of action does exist. Ward was injured on navigable waters while doing repair work on a ship; a traditional maritime activity. The basis of Ward's action is a maritime tort, "a type of action which the Constitution has placed under national power to

control in 'its substantive as well as its procedural features....'" *Pope & Talbot, Inc. v. Hawn,* 346 U.S. 406, 409, 74 S.Ct. 202, 205, 98 L.Ed. 143 (1953) (quoting from *Panama Railroad Co. v. Johnson,* 264 U.S. 375, 386, 44 S.Ct. 391, 393, 68 L.Ed. 748 (1924)). Ward has asserted no claim created by or arising out of Virginia law; he claims that his right of recovery for negligence is rooted in federal maritime law. The Court agrees with this proposition. A general maritime negligence cause of action exists against a non-vessel third party tortfeasor. *Cf. Czaplicki v. The Hoegh Silvercloud,* 351 U.S. 525, 527, 76 S.Ct. 946, 947, 100 L.Ed. 1387 (1956) (contemplating employee's negligence action against contractor); *see also Fruge v. Penrod Drilling Co.,* 918 F.2d 1163, 1164 (5th Cir.1990). General maritime law is the law of the United States, not the law of the several states. *See Panama Railroad Co. v. Johnson,* 264 U.S. 375, 386, 44 S.Ct. 391, 393, 68 L.Ed. 748 (1924).

Because federal law provides for the cause of action that Ward seeks to assert against Norshipco, the Virginia Act cannot make Norshipco immune from the cause of action. For that reason, Norshipco's motion for summary judgment is DENIED.

### Indemnity of IMS to Norshipco

IMS has filed a motion to dismiss Norshipco's third-party complaint for lack of subject matter jurisdiction. IMS adopts the argument of Norshipco that as statutory employers under Virginia workers' compensation law, both Norshipco and IMS are immune from suit by an injured employee. The Court has rejected this argument above. IMS's remaining argument is that the exclusivity provisions of the LHWCA preclude Norshipco's third-party complaint against it. IMS makes no argument in support of this assertion, but merely cites two cases in which *employers* of harbor workers were held not subject to indemnity claims by contractors facing negligence actions brought by the harbor workers. *See Drake v. Raymark Indus-*

*tries, Inc.,* 772 F.2d 1007, 1021–22 (1st Cir. 1985); *Glover v. Johns–Manville Corp.,* 662 F.2d 225, 229 (4th Cir.1981).[2] Without reviewing these cases at length, the Court holds that they are inapposite. They both involved claims brought against employers of harbor workers. IMS was not the employer of Ward under the LHWCA. Because Ward's immediate employer, Abacus, secured payment of compensation for Ward, § 905(a) of the LHWCA precludes IMS from claiming immunity as Ward's employer. Even if IMS were somehow to be considered Ward's employer, however, Norshipco could still maintain its contractual claim against IMS under the Court's holding in *Harrah v. United States,* 1991 A.M.C. 293, 1989 WL 237737 (E.D.Va.1989).

According to the above reasoning, Norshipco's Motion for Summary Judgment is DENIED, and IMS's Motion to Dismiss Third-Party Complaint for Lack of Subject Matter Jurisdiction is DENIED.

IT IS SO ORDERED.

---

**2.** A third case cited by IMS in support of its argument concerning the exclusivity provisions of the LHWCA is *Jennings v. Franz Torwegge Machine Works,* 347 F.Supp. 1288 (W.D.Va.

1972). Because *Jennings* has nothing to do with the LHWCA, the Court concludes that IMS cited it in error.