## CIRCUIT COURT OF THE CITY OF NORFOLK

Edmond L. Bess

v.

Virginia International
Terminals, Inc.

November 20, 1991

Case No. (Law) L-91-1280

By JUDGE JOHN W. WINSTON

Defendant, Virginia International Terminals, Inc. (V.I.T.), by counsel, seeks summary judgment in its favor in this case, contending that the undisputed admitted facts (see defendant's Request for Admission of Facts and plaintiff's Answers admitting same and the affidavits filed as exhibits) establish that the remedy of plaintiff, Edmond L. Bess, is limited to benefits available to him under the provisions of the Virginia Workers' Compensation Act. Virginia Code § 65.1-1 et seq. (now § 65.2-100 et seq.).

Those facts established that on February 9, 1990, plaintiff Bess was employed as a longshoreman by I.T.O. Corporation (I.T.O.) which had contracted with the vessel's agent (Maersk) to discharge containers from the barge "Boston Trader" and to then transport them to the container storage area on shore. He was allegedly injured while handling one of these containers in the storage area, stating that an employee of V.I.T. negligently operated a "vehicle" being used in the container storage operation in progress there and resulting in his accident and injuries.

V.I.T. had rented one of its portainers and two of its transtainers together with their employee operators to I.T.O. for its use in this discharge and storage operation. One of these cranes was the "vehicle" involved in the Bess incident in the container storage area. These crane operators acted under the supervision, direction, and control of I.T.O. in moving the containers.

The effect of all this was that I.T.O. contracted to discharge and store containers from a Maersk vessel and separately contracted with V.I.T. to use its equipment to do so. I.T.O. employed Bess and other longshoremen and V.I.T.'s crane operators to do the labor.

None of these contractors and none of their employees were "strangers to the work" being performed. All of them participated in it, and all of them were performing an essential part. It follows that Best cannot sue V.I.T. for negligence but is limited to the benefits available to him under the Virginia Workers' Compensation Act. *See, Whalen v. Dean Steel Co., Inc.,* 229 Va. 164 (1985), and Virginia cases cited there.

Plaintiff cites *Cinnamon v. I.B.M.,* 238 Va. 471 (1989), as contrary authority. But it is distinguishable since I.B.M., a manufacturer, had employed a general contractor to construct its building. The work was not a part of the manufacturer's trade, business, or occupation. Hence, the Virginia Act was no bar to plaintiff's suit for damages.

Plaintiff also asserts that federal law applies because of the nature of the work being done and that such law permits this suit. But the Virginia Supreme Court in *McBride II v. Metric Constructors,* 239 Va. 138 (1990), said otherwise and binds this court to the same result. That case held that state law governs negligence actions which occur in an area within the concurrent application of the federal (L.H.W.C.A.) and state (Virginia Workers' Compensation Act) compensation acts. Thus even if the federal act should also apply here, the Virginia law controls and it bars the tort action of Bess.

For the reasons stated, it is now ordered that the Motion for Summary Judgment is granted and that this case is dismissed with prejudice.