I, JOAN BERNARD ARMSTRONG, Judge.
This is an appeal from a judgment in favor of the indemnitee under an indemnity agreement. We review a grant of summary judgment using a de novo standard of review. Fleming v. Hilton Hotels Corp., 99-1996 (La.App. 4 Cir. 07/12/00), 774 So.2d. 174. Because, as a matter of law, enforcement of the indemnity agreement under the circumstances of this case is forbidden by a federal statute, we will reverse and remand for further proceedings.
Chevron USA, Inc. hired Fab-Con, Inc., Rene Cross Construction, Inc. and Epic Divers, Inc. to raise a partly sunken barge. A Rene Cross crane barge was used for the job. Employees for Fab-Con, Rene Cross and Epic worked on and from the Rene Crosse crane barge. George C. Du-bois was one of the Epic employees assigned to the job.
Mr. Dubois allegedly was injured when he fell through a hatch upon the partly-sunken barge. He sued Fab-Con and Rene Cross for alleged negligence in causing his alleged injury. Mr. Dubois could not sue his employer, Epic, because such an action is barred by the worker’s compensation-type federal statute | ¡.applicable, the Longshoremen’s and Harbor Workers’ Compensation Act, 33 U.S.C. § 901 et seq. (“LHWCA”). Mr. Dubois’ only remedy against Epic is for statutory compensation benefits. Id.
Rene Cross filed a third-party demand against Epic whereby Rene Cross sought contractual indemnity from Epic with respect to Mr. Dubois’ action. An agreement between Rene Cross and Epic contained an indemnity agreement which provides, in pertinent part:
Epic Driver, Inc. shall defend, indemnify and save harmless, Rene Cross Construction, from, and against any and all loss, damage, expense, injury, liability and claims thereof arising out of, connected with, incident to or directly or indirectly resulting from or related to Epic Divers, Inc/s performance of its work aboard Rene Cross construction’s *682 vessel or in Rene Cross Construction’s permanent yard. Such indemnity shall apply whether or not Rene Cross Construction was or is claimed to be passively, concurrently, or actively negligent and regardless of whether liability without fault, including but not limited to claims for unseaworthiness of any vessel, is imposed or sought to be imposed on Rene Cross Construction.
Epic contends that, under the LHWCA, the indemnity agreement is unenforceable.
A section of the LHWCA provides both that an injured person covered by the LHWCA can sue “a vessel” for allegedly negligently causing him injury and that the “vessel” may not obtain any contractual indemnity from the employer of the covered person:
In the event of injury to a person covered under this chapter caused by the negligence of a vessel, then such person, or anyone otherwise entitled to recover damages by reason thereof, may bring an action against such vessel as a third party in accordance with the provisions of section 933 of this title, and the employer \nshall not be liable to the vessel for such damages directly or indirectly and any agreements or warranties to the contrary shall be void. If such person was employed by the vessel to provide stevedoring services, no such action shall be permitted if the injury was caused by the negligence of persons engaged in providing stevedoring services to the vessel. If such person was employed to provide shipbuilding, repairing, or breaking services and such person’s employer was the owner, owner pro hac vice, agent, operator, or charterer of the vessel, no such action shall be permitted, in whole or in part or directly or indirectly, against the injured person’s employer (in any capacity, including as the vessel’s owner, owner pro hac vice, agent, operator, or charterer) or against the employees of he employer. The liability of the vessel under this subsection shall not be based upon the warranty of seaworthiness or a breach thereof at the time the injury occurred. The remedy provided in the subsection shall be exclusive of all other remedies against the vessel except remedies available under this chapter. (Emphasis added.)
33 U.S.C. § 905(b). The LHWCA defines the term “vessel” broadly:
The term “vessel” means .any vessel upon which or in connection with which any person entitled to benefits under this chapter suffers injury or death arising out of or in the course of his employment, and said vessel’s owner, owner pro hac vice, agent, operator, charterer or bare boat charterer, master, officer, or crew member.
33 U.S.C. § 902(21).
Under the scheme of the LHWCA, Mr. Dubois is the “covered person”, Epic is his “employer” and Rene Cross is the “vessel”. Thus, Mr. Dubois does have an action against Rene Cross for alleged negligence (but not strict liability for “unseaworthiness”, etc.), and Rene Cross may not enforce against Epic an agreement for contractual indemnity as to Mr. Dubois’ claim. Presumably, the drafters of the LHWCA believed that, if third party vessels could recover [¿indemnity against employers, then the compensation-exclusive remedy protection of the employer would be eroded.
Rene Cross argues that Mr. Dubois did not sue Rene Cross under the LHWCA, 33 U.S.C. § 905(b), because that statute is not mentioned in Mr. Dubois’ petition. Actually, Mr. Dubois’ petition does not refer to any statute or any legal theory. That is completely proper, be *683 cause, under our Code of Civil Procedure, the plaintiff need allege only the facts upon which his cause of action rests and need not plead legal theories.
Louisiana’s Code of Civil Procedure establishes a system of fact pleading. As long as the facts constituting a claim are alleged, the party may be granted any relief to which he is entitled under the pleadings and the evidence; the “theory of the case” doctrine, under which a party must select a theory of this case or defense and adhere to it throughout the litigation, has been abolished.
First South Production Credit Ass’n. v. Georgia Pacific, 585 So.2d 545 (La.1991). Under First South, the lack of any mention of the LHWCA in Ms. Dubois’ petition is not dispositive. Moreover, as the LHWCA expressly provides for and, more importantly, governs the cause of action by a “covered person” (Mr. Dubois) against a “vessel” (Rene Cross), e.g., by limiting the action to one for negligence rather than strict liability, any action brought by Mr. Dubois against Rene Cross necessarily is brought under LHWCA, 38 U.S.C. § 905(b).
Rene Cross argues that the LHWCA, 33 U.S.C. § 905(b), does not apply because Mr. Dubois was injured while on the partly-sunken barge rather than being on the Rene Cross crane barge at the time of the alleged injury. The statute contains no requirement for its application that the “covered person” injured actually be on the “vessel” at the time of the injury. Instead, the statute applies when the “covered person” is allegedly injured by the negligence of a “vessel” 33 |5U.S.C. § 905(b). While it may be that the alleged injury occurs while the “covered person” is actually on the “vessel”, the statute, by its own terms, is not limited to such situations. Nor does Howlett v. Birkdale Shipping Co., S.A., 512 U.S. 92, 114 S.Ct. 2057, 129 L.Ed.2d 78 (1994), hold to the contrary. In fact, in Howlett, it was undisputed that the “covered person” allegedly was injured while actually on the “vessel”, so there was no issue to be addressed in that case as to whether the statute applied if the alleged injury did not occur on the “vessel”. Moreover, Howlett addressed neither the application of the statute generally, or the prohibition on contractual indemnity in particular, but, rather, addressed a duty to warn. 512 U.S. at 94, 114 S.Ct. 2057. Similarly, neither Ward v. Norfolk Shipbuilding and Drydock Corp., 770 F.Supp. 1118 (E.D.Va.1991), nor Hess v. Port Allen Marine Service, Inc., 624 F.2d 673 (5th Cir.1980), limits the statute’s application to situations where the “covered person” is allegedly injured while on the “vessel” that is sued.
Lastly, Rene Cross argues that Epic failed to expressly plead the statutory bar to indemnity of the LHWCA, 33 U.S.C. § 905(b), as an affirmative defense in its answer to the third party demand. See La.Code Civ. Proc. Art. 1005 (pleading affirmative defenses). Instead, Epic raised the statutory bar in its brief in opposition to Rene Cross’ motion for summary judgment.
It would have been the better practice for Epic to have raised the issue by pleading it as an affirmative defense in its answer, but its failure to do so does not preclude reliance upon the statute. First, Rene Cross made no objection, in the summary judgment proceedings, to the fact that Epic had not raise the statutory bar in its answer.
UThe defendants did not choose at that time to object or respond to the plaintiffs assertions, or to seek to continue the hearing on the motion for summary judgment, or to file affidavits, supplemental affidavits, or a supplemental memorandum in support of their motion for summary judgments. We therefore *684 conclude that he defendants’ arguments regarding the timeliness of he plaintiffs assertion of its alternative theories in its opposition to summary judgment and alleged prejudice to the defendants are without merit.
First South Production Credit Ass’n v. Georgia-Pacific, 585 So.2d 545 (La.1991). See also La.Code Civ. Proc. Art 1154 (issues tried by implied consent treated as if they had been raised in the pleadings). Second, and perhaps more important, we can see no prejudice to Rene Cross, and Rene Cross has alleged none, which was caused by Epic’s failure to plead the statutory bar in its answer. Indeed, Rene Cross prevailed below and on this appeal, Rene Cross has had ample opportunity to argue, and it has argued, the applicability of the statute.
For the foregoing reasons, we reverse the summary judgment below and remand for further proceedings.
REVERSED AND REMANDED