BONIN, J.,
dissents with reasons.
1¶1 respectfully dissent. I would reverse the summary judgment and remand to the trial court for a trial on the merits.
By July 1, 2009, Discover Bank received no payments from Ms. Nelson on her credit-card account. The bank increased its finance charge to 28.99% APR, so that Ms. Nelson was being charged more than $125.00 per month on the account plus $39.00 in “purchases” which correlated to a late fee. Her “previous balance” on the July statement was $5,029.53; by December 31, 2009, it had swollen to $6,333.61. All of the increase was due to finance charges at 28.99%, late fees, and ultimately “overlimit” fees.
Then Discover Bank, as the majority notes, sent Ms. Nelson a credit-card statement in which it explained that it had taken an “internal charge-off’ of $6,333.61 which it credited to her previous balance, resulting in a new balance of “$0.00.”
In her opposition to summary judgment, Ms. Nelson timely raised and factually supported the affirmative defense of remission of the debt.[1]
12“A remission of debt by an obligee extinguishes the obligation.” La. Civil Code art. 1888. “That remission may be express or tacit.” Id. Importantly, “[a] remission of a debt is effective when the obligor receives the communication from the obligee.” La. Civil Code art. 1890. And “[ajcceptance of a remission is always presumed unless the obligor rejects the remission within a reasonable time.” Id. (emphasis added)
Because under the substantive law applicable to this controversy Ms. Nelson is presumed to have accepted the remission of the debt, she has sufficiently factually supported her defense (on which she bears the burden of persuasion) and, in my view, raised a genuine issue of material fact whether the obligation claimed by Discover Bank was still owed by her, which would preclude summary judgment. There is, even under the Anderson v. Liberty Lobby, Inc.[2] test, sufficient evidence *84 that a fact-finder applying the evidentiary standard “could reasonably find” for Ms. Nelson. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).
Discover Bank has not pointed out that there is an absence of factual support for Ms. Nelson’s defense that her debt to it has been extinguished by remission. See La. C.C.P. art. 966 C(2). Because it failed in its burden on its motion, summary judgment is not authorized.
Accordingly, I dissent.

. Ms. Nelson did not raise the affirmative defense of extinguishment of the debt through the creditor's remission in her answer. See La. C.C.P. art. 1005 (the answer shall set forth affirmatively "extinguishment of the obligation in any manner”). It is preferable to raise the defense in the answer, but it is not necessary to a party's opposing summary judgment that the defense have been affirmatively raised in the party’s answer. See, e.g., Dubois v. Fab-Con, Inc., 02-1731, p. 5 (La.App. 4 Cir. 5/21/03), 848 So.2d 679, 683; Walters v. Metropolitan Erection Co., 04-0162, pp. 6-7 (La.App. 4 Cir. 10/27/94), 644 So.2d 1143, 1147, and, most recently, Johnson v. Orleans Parish School Bd., 10-1388, p. 9 (La.App. 4 Cir. 12/20/11), 80 So.3d 1175, 1182, writs pending 2012-C190, 2012-C-195, and 2012-C-236 (La.01/23/12).

. Anderson v. Liberty Lobby, Inc., 477 U.S. at 249, 106 S.Ct. 2505. I have considerable reservations, however, that Anderson is an appropriate authority for summary judgment review in this creditor-debtor dispute, and mean only to suggest that even under the Anderson standard, which treated of a libel case in which the substantive standard was "clear and convincing,” a fact-finder applying the presumption of acceptance of the remission of the debt could return a judgment favoring the nonmoving party, Ms. Nelson. In our case, the burden of persuasion is by a preponderance of the evidence; the burden on proving the debt is on the moving party, *84 Discover Bank, and on proving the extin-guishment of the debt on the nonmoving party, Ms. Nelson.