Victor RIVERA–CARMONA; Julia
Rivera–Pena, Victor Rivera–
Rivera, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Civ. No. 93–1890CCC.

United States District Court,
D. Puerto Rico.

April 15, 1994.

Emilio F. Soler, Rio Piedras, PR, for plaintiffs.

Guillermo Gil, U.S. Atty., Washington, DC, Isabel Muñoz–Acosta, Asst. U.S. Atty., Hato Rey, PR, for defendant.

## OPINION AND ORDER

CEREZO, Chief Judge.

Defendant has moved for summary judgment (docket entry 4) to dismiss the complaint in the above-captioned matter. According to the assertions of his complaint, Rivera–Carmona was an employee of GE Government Services, which had a contract to perform all maintenance and repairs necessary to United States Navy buses at the Roosevelt Roads Naval Station in Puerto Rico. He was injured on one of these buses while performing his duties, alleging that he slipped, tripped and hit the speed lever after he cleaned the bus. Plaintiffs further allege that this injury was due to the negligence of defendant. Rivera–Carmona has received compensation from the employer's insurance carrier in the amount of $17,550.77. He now sues the United States, as a responsible third party, under the Federal Tort Claims Act, 28 U.S.C. § 2674, et seq.

Plaintiff's claim arises under admiralty law since it occurred on a Naval Base, and the Longshore and Harbor Workers' Compensation Act (LHWCA), 33 U.S.C. § 901 et seq. therefore applies, allowing the action to proceed against the United States. Defendant argues that since Rivera–Carmona's direct employer was insured pursuant to provisions of the contract between the employer and the Navy and employee enjoyed a monetary recovery for his injuries under that section, that the United States is immune from suit under the statutory employer exemption. The Court disagrees.

Under the LHWCA, 33 U.S.C. § 904(b), compensation shall be made irrespective of fault. Pursuant to § 905(a), the

liability of an employer described in section 904 of this title shall be exclusive and in place of all other liability of such employer to the employee, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death, except that if an employer fails to secure payment of compensation as required by this chapter, an injured employee, or his legal representative in case death results from the injury, may elect to claim compensation under the chapter, or to maintain an action at law or in admiralty for damages on account of such injury or death.

Section 905(a) goes on to note, in relevant part, that "a contractor shall be deemed the employer of a subcontractor's employees *only if the subcontractor fails to secure the payment of compensation as required by section 904 of this title.*" (Emphasis ours.)

The United States argues that the exclusivity provisions of LHWCA's remedial scheme bars suit against defendant as a responsible third party just as it would bar suit against plaintiff's direct employer. Defendant's claim is that the existence of a provision in the contract between defendant and Rivera–Carmona's employer requiring the employer to obtain insurance creates a "legal nexus" between defendant and employer that is equivalent to the defendant being plaintiff's statutory employer.

This analysis was accepted by the Supreme Court in 1984 when, in *Washington Metropolitan Area Transit Authority v. Johnson,* 467 U.S. 925, 104 S.Ct. 2827, 81 L.Ed.2d 768 (1984), it stated that a general contractor governed by this section was entitled to statutory immunity where the employer had purchased a comprehensive workman's compensation policy on behalf of its subcontractors. Congress, however, immediately rejecting this interpretation, amended subsection 904(a) so that the general contractor is merely a third-party if payment of compensation has been made to the employee through insurance obtained by the subcontractor himself or through the general contractor for his benefit.[1] *See* 1984 U.S.Code and Congressional and Administrative News, pp. 2734, 2774.

"The concept of 'statutory employer' was fashioned by the Puerto Rico courts to extend an employer's immunity to certain persons who were not technically employers but were thought to deserve immunity from tort liability because of their close involvement in the employer-employee relationship. *Vega–Mena v. United States,* 990 F.2d 684, 686 (1st Cir.1993). Plaintiff contends in opposition that this exclusivity applies only when the direct employer is covered by Puerto Rico's system of workers' compensation, and is inapposite when the LHWCA applies.

In *Vega–Mena,* the court distinguished the use of the statutory employer exception under the Puerto Rico Workers' Compensation Act (PRWCA) from that under the LHWCA. "In contrast to the PRWCA, however, the LHWCA requires contractors to secure compensation for their subcontractor's employees *only* if the subcontractors are actually uninsured.... Thus, a contractor is entitled to so-called 'statutory employer' immunity under section 905(a) only if the contractor is compelled by section 904(a) to secure workers' compensation for the subcontractor's employees because the subcontractor fails to do so and the contractor actually does secure the payment." *Vega–Mena,* 990 F.2d at 691–92. Thus, had GE Government Services been insured under the PRWCA, and had Rivera–Carmona recovered workers' compensation under the Puerto Rico statute, defendant would be immune from the current suit. *Vega–Mena,* 990 F.2d at 692.[2]

The rule under the LHWCA is different. In the case at bar, the United States is not entitled to the statutory employer immunity it asserts because the subcontractor did not fail to secure workers' compensation for plaintiff under the LHCWA.

Accordingly, defendant's motion for summary judgment (docket entry 4) is DENIED.

**SO ORDERED.**

---

1. The last sentence added in 1984 to 904(a) is as follows:

    A subcontractor shall not be deemed to have failed to secure the payment of compensation if the contractor provided insurance for such compensation for the benefit of the subcontractor.

2. We note that under Section H–16(a) of the contract—workman's compensation the subcontractor was to obtain had to meet federal and state workers' compensation and occupational disease statutes.