### Jose CINTRON RODRIGUEZ, et al., Plaintiffs,

#### v.

### UNITED STATES of America, Defendant.

#### Civil No. 97–1093(SEC).

United States District Court,
D. Puerto Rico.

Feb. 18, 1998.

Jesús M. Hernández–Sánchez, Raúl Barrera–Morales, Santurce, PR, for Plaintiffs.

Fidel A. Sevillano–Del–Rio, Asst. U.S. Atty., San Juan, PR, for Defendant.

### OPINION AND ORDER

CASELLAS, District Judge.

Pending before the Court is defendant United States' Motion for Summary Judgment (**Docket # 8**) which was duly opposed by plaintiffs (**Docket # 13**). Defendant submitted a Motion for Submission of Additional Authority in Support of its Motion for Sum-

mary Judgment **(Docket # 14)** which is hereby **NOTED**. In response, plaintiffs filed an opposition to said motion for submission **(Docket # 17)**. For the reasons set forth below in this Opinion and Order, defendant's motion for summary judgment **(Docket # 8)** is **DENIED**.

### Facts of the Case

According to plaintiffs' allegations in their complaint, plaintiff José A. Cintrón–Rodríguez was an employee of Mason Technologies, Inc., a contractor with the United States Navy, and was in charge of repairing roads inside the Navy's Vieques Target Range, operating a grader. On December 15, 1994, plaintiff was working on one of the roads inside the Vieques Target Range when Navy military personnel detonated seven bombs near the area where plaintiff was working, causing him serious physical injuries. Plaintiff claims that the Navy was negligent insofar as they changed the scheduled time for the detonation of said bombs from 3:00 p.m. to 2:15 p.m. without warning plaintiff. Defendants dispute that Navy personnel was negligent, insofar as attempts were made to notify plaintiff of the time change for the detonation of the bombs.

### Summary Judgment Standard

As noted by the First Circuit,

[s]ummary judgment has a special niche in civil litigation. Its role is 'to pierce the boilerplate of the pleadings and assay the parties' proof in order to determine whether trial is actually required.' *Wynne v. Tufts University School of Medicine,* 976 F.2d 791, 794 (1st Cir.1992), *cert. denied,* 507 U.S. 1030, 113 S.Ct. 1845, 123 L.Ed.2d 470 (1993). The device allows courts and litigants to avoid full-blown trials in unwinnable cases, thus conserving the parties' time and money and permitting courts to husband scarce judicial resources.

*McCarthy v. Northwest Airlines, Inc.,* 56 F.3d 313, 315 (1st Cir.1995).

According to Fed.R.Civ.P. 56(c), a summary judgment motion should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). See also *NASCO, Inc. v. Public Storage, Inc.,* 29 F.3d 28 (1st Cir.1994). It is not enough to conjure up an alleged factual dispute between the parties; to defeat summary judgment, there must exist a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

For a dispute to be "genuine," there must be sufficient evidence to permit a reasonable trier of fact to resolve the issue in favor of the non-moving party. *U.S. v. One Parcel of Real Property,* 960 F.2d 200, 204 (1st Cir. 1992). See also, *Boston Athletic Assn. v. Sullivan,* 867 F.2d 22, 24 (1st Cir.1989). By like token, "material" means that the fact is one that might affect the outcome of the suit under the governing law. *Morris v. Government Development Bank of Puerto Rico,* 27 F.3d 746, 748 (1st Cir.1994).

Recent case law has also established that "summary judgment may be appropriate '[e]ven in cases where elusive concepts such as motive or intent are at issue ... if the non-moving party rests merely upon conclusory allegations, improbable inferences and unsupported speculation.'" *Woods v. Friction Materials, Inc.,* 30 F.3d 255, 259 (1st Cir.1994) (quoting *Medina–Munoz v. R.J. Reynolds Tobacco Co.,* 896 F.2d 5, 8 (1st Cir.1990)).

In determining whether to grant summary judgment, the Court may not, however, weigh the evidence. *Casas Office Machines, Inc. v. Mita Copystar America, Inc.,* 42 F.3d 668 (1st Cir.1994). Summary judgment "admits of no room for credibility determinations, no room for the measured weighing of conflicting evidence such as the trial process entails." *Id.* (citing *Greenburg v. Puerto Rico Maritime Shipping Authority,* 835 F.2d 932, 936 (1st Cir.1987)). Accordingly, if the facts permit more than one reasonable inference, the court on summary judgment may not adopt the inference least favorable to the non-moving party. *Casas Office Machines,* 42 F.3d at 684.

### Applicable Law/Analysis

Plaintiffs are suing the United States for damages pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2674, et seq. Since the claim occurred on a naval base, the

Longshore and Harbor Workers' Compensation Act (LHWCA) applies, 33 U.S.C. § 901, et seq. In fact, plaintiff Cintrón–Rodríguez applied for, and received, workmans' compensation benefits under the LHWCA. Since the LHWCA applies, the action may proceed against the United States. Mason Technologies, Inc. had a workmans' compensation insurance policy in favor of its employees under the LHWCA, as required under its contract with the United States. However, it did not have such a policy under the Puerto Rico Workmans' Compensation Act (PRWCA), 11 L.P.R.A. § 1, et seq.

■ Defendant argues that because the contract between the United States and Mason Technologies, Inc. provided for mandatory workmans' compensation under the LHWCA the immunity provided to "statutory employers" under Puerto Rico law should extend to the United States. Defendant further argues that the relevant inquiry for statutory employer immunity is whether the United States required its subcontractor to insure its employees under any workmans' compensation regime, not just the PRWCA. Plaintiffs counter that the immunity conferred upon statutory employers under Puerto Rico law only extends to those cases where the subcontractor insures its employees under the PRWCA, not to cases where employees are covered under any other workmans' compensation statute, such as the LHWCA.

Under the PRWCA, if an employee suffers any injury due to "any act or function inherent in [his] work" he is precluded from claiming any compensation from his employer beyond the benefits he will receive from the State Insurance Fund, provided that his employer was so insured under the PRWCA. 11 L.P.R.A. §§ 2, 21. He is precluded from suing his employer, regardless of any negligence in which he may have incurred. *Santiago Hodge v. Parke Davis & Co.*, 126 D.P.R. 1, 1990 WL 710156 (1990). However, the injured employee may sue a third party in tort if such third party is a stranger to the employer-employee relationship. *See* 11 L.P.R.A. § 32.

■ As stated by the First Circuit Court of Appeals, "[t]he concept of 'statutory employer' was fashioned by the Puerto Rico courts to extend an employer's immunity to certain persons who were not technically employers but were thought to deserve immunity from tort liability because of their close involvement in the employer-employee relationship." *Vega–Mena v. United States of America*, 990 F.2d 684, 686 (1st Cir.1993). To determine whether a third party can shield itself under the cloak of immunity for a statutory employer "[t]he crucial factor in determining whether the requisite legal nexus exists is the nature and terms of the contractual relationship between the contractor and subcontractor." *Id.* at 687. If a contractor obligates its subcontractor in their contract to take out an insurance policy under the PRWCA, then the contractor is immune under the exclusive remedy provision of the PRWCA. *Id.*

In this case, subcontractor Mason Technologies was not required by its contract with the United States to have a workmans' compensation policy under the PRWCA. As such, it covered its employees only under a policy under the LHWCA, as mandated by the Defense Base Act, 42 U.S.C. § 1651, et seq., but not under the PRWCA. It appears to be an uncontested issue of material fact, as presented by both parties, that the insurance policy covering plaintiff was not pursuant to the PRWCA, but rather pursuant to the LHWCA. **(Exhibit C, Plaintiffs' Opposition to Defendant's Motion for Summary Judgment, Docket #13).** In fact, defendant, in its motion submitting additional authority **(Docket #14)** states that no PRWCA policy exists because it is not necessary in light of the coverage provided under the Defense Base Act (the LHWCA policy). Thus, the issue becomes whether the "statutory employer" immunity provided by the PRWCA extends to a case such as this one, where the insurance coverage is pursuant to the LHWCA.

The same argument proffered by defendant in the instant case was argued by the United States in a similar case before this Court. *Rivera–Carmona v. United States*, 858 F.Supp. 295 (D.Puerto Rico, 1994). In that case, as in this one, defendant United States argued that because plaintiff employee was insured pursuant to the contract be-

tween the sub-contractor and the U.S. Navy that the statutory employer exception should apply to the United States. In an articulate opinion, Chief Judge Cerezo denied the Government's motion for summary judgment, stating that the statutory employer exception was inapplicable to a case such as the instant one, where the employee was not covered under the PRWCA, but rather only under the LHWCA.

In *Rivera–Carmona*, the Court distinguished the immunity provisions contained in the LHWCA with those of the PRWCA, and found that pursuant to the amendments made to 33 U.S.C. § 905(a), "the general contractor [the United States] is merely a third party if payment of compensation has been made to the employee through insurance obtained by the subcontractor himself or through the general contractor for his benefit." 858 F.Supp. at 296. Under the LHWCA, a contractor is only considered a statutory employer exempt from suit by an injured employee if the contractor was the one who secured the payment of compensation because the subcontractor failed to do so. *See* 33 U.S.C. § 905(a).

In this case, there is no evidence to suggest that Mason Technologies, Inc. failed to keep its contractual obligation to insure plaintiff employee under the LHWCA. Thus, defendant must be considered a third party for purposes of immunity from suit under the LHWCA, contrary to the position it would be in had plaintiff been entitled to benefits under the PRWCA. Defendant's reliance on the First Circuit's analysis in *Vega–Mena* is inapposite, because in that case plaintiff had received benefits under the PRWCA. On the contrary, the Court in *Vega–Mena* clearly stated that "a contractor is entitled to so-called 'statutory employer' immunity under section 905(a) only of the contractor is compelled by section 904(a) to secure workers' compensation for the subcontractor's employees because the subcontractor fails to do so and the contractor actually does secure the payment." *Vega–Mena*, 990 F.2d at 692. Contrasting the provisions of the PRWCA with those of the LHWCA, the First Circuit found that "[t]he more limited responsibility of contractors for their subcontractor's employees [under the LHWCA] is mirrored by the limited immuni-

ty for contractors granted by 33 U.S.C. § 905(a) ..." *Id.* at 691. In light of that fact, we find that it would be incongruent to hold contractors to a lower standard of responsibility as under the LHWCA, while at the same time granting them the broad shield of the "statutory employer" exemption found in the PRWCA.

**Conclusion**

Accordingly, in absence of any evidence that the United States secured the payment for workmans' compensation in lieu of Mason Technologies, the Court must find that defendant is not covered by the more limited statutory employer exemption contained in the LHWCA. Furthermore, it is clear to the Court, and supported by applicable precedent, that the immunity provision of the PRWCA does not apply in an instance where the workmans' compensation policy covering plaintiff was not pursuant to the PRWCA and where plaintiff was ineligible for any benefits under said law. We find that while there is no genuine issue of material fact that would preclude summary judgment, defendant United States of America is not entitled to judgment as a matter of law. As such, pursuant to the above discussion, defendant's motion for summary judgment (**Docket # 8**) is **DENIED**.

**SO ORDERED.**