William CORREA–PAGAN, Plaintiff,

v.

GULF CHEMICAL CORPORATION, et al., Defendants.

Civil No. 99–2259 (JAG).

United States District Court, D. Puerto Rico.

Sept. 9, 2002.

---

Frank Pola–Jr., Hato Rey, PR, Everett M. De–Jesus–Kitchen, Guaynabo, PR, for Plaintiff.

Ramon E. Dapena, Goldman Antonetti & Cordova, Miguel Palou–Sabater, Maria V. Munera–Pascual, McConnell Valdes, San Juan, PR, for Defendants.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

Pending before the Court are plaintiff's objections to United States Magistrate Judge Gustavo Gelpí's Report and Recommendation on the Motion for Summary Judgment filed by defendant Gulf Chemical Corporation ("GCC"). (Docket No. 3). The Magistrate Judge noticed that GCC filed a Statement of Uncontested Material Facts, as required by Local Rule 311.12, and that plaintiff had not filed a statement of contested facts with specific references to the record. Upon review of the record, and following the application of Local Rule 311.12, the Magistrate Judge recommended the Court to grant the GCC's motion.

Upon consideration, of the Magistrate Judge's Report and Recommendation, all objections thereto filed by the parties and upon the Court's independent examination of the record, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation. (Docket No. 66).

### *STANDARD OF REVIEW*

A district court may, on its own motion, refer a pending matter to a United States Magistrate–Judge for a report and recommendation. *See* 28 U.S.C. § 636(b)(1)(B); Fed.R.Civ.P. 72(b); Rule 503, Local Rules, District of Puerto Rico. Pursuant to Federal Rule of Civil Procedure 72(b) and Local Rule 510.2, the adversely affected party may contest the report and recommendation by filing written objections "[w]ithin ten days of being served" with a copy of the order. 28 U.S.C. § 636(b)(1).

The Court must then make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. *See United States v. Raddatz,* 447 U.S. 667, 673, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980); *Lopez v. Chater,* 8 F.Supp.2d 152, 154 (D.P.R.1998). The Court may accept, reject or modify, in whole or in part, the Magistrate Judge's recommendations. "Failure to raise objections to the Report and Recommendation waives [that] party's right to review in the district court and those claims not preserved by such objections are precluded on appeal." *Davet v. Maccarone,* 973 F.2d 22, 30–31 (1st Cir. 1992) (citations omitted).

## FACTUAL BACKGROUND

Plaintiff William Correa Pagan was an employee of Raytheon–Catalytic, Inc. ("Raytheon"), a subcontractor of GCC inside of GCC's CORCO facilities in Puerto Rico. On March 1, 1996, plaintiff was working when he was hit by a dumpster, causing him serious physical injuries. Plaintiff is suing GCC for damages pursuant to the Puerto Rico Tort Act, 31 L.P.R.A. § 5141, et seq. Since the claim occurred during work, the Puerto Rico Workmen's Compensation Act (PRWCA)applies, 11 L.P.R.A. § 1, et seq. In fact, plaintiff applied for, and received, workmen' compensation benefits since Raytheon had workmen' compensation insurance policy in favor of its employees under the PRWCA.

In its motion for Summary Judgment GCC argues that it is not liable for plaintiff's accident because its contract with Raytheon provided for mandatory workmen' compensation under the PRWCA. GCC, therefore, contends that it is entitled to the immunity provided to "statutory employers" under the PRWCA.

## DISCUSSION

### I. *The Summary Judgment Standard*

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The moving party must demonstrate "an absence of evidence to support the nonmoving party's case." *Celotex,* 477 U.S. at 325, 106 S.Ct. 2548. The nonmoving party must then "set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e).

Local Rule 311.12 requires the moving party to file and annex to the motion a "separate, short, and concise statement of the material facts as to which the moving party contends there is no genuine issue to be tried," properly supported by specific references to the record. Similarly, the rule requires the non-moving party to file a statement of contested material facts. All material facts set forth in the moving party's statement *"will be deemed to be admitted unless controverted by the statement required to be served by the opposing party."* (Emphasis supplied.) The First Circuit has consistently upheld the validity of Local Rule 311.12. *See, e.g., Morales v. Orssleff's EFTF,* 246 F.3d 32, 33 (1st Cir. 2001); *Rivas v. Federacion de Asociaciones Pecuarias,* 929 F.2d 814, 816 n. 2 (1st Cir.1991).

In the present case, plaintiff has failed to file a statement of contested facts with specific references to the record. Thus, plaintiff has failed to comply with the so-called "anti-ferret rule," as he has not presented a concise statement of material

facts as to which there is a genuine issue to be tried. The Court is not required to "ferret through the record" lurking for facts that may favor plaintiff when those facts were not proffered under a counter-designation of facts as required by Local Rule 311.12. *Morales,* 246 F.3d at 33. "When a party opposing a motion for summary judgment fails to comply with the 'anti-ferret rule,' the statement of material facts filed by the party seeking summary judgment [shall be] deemed ... admitted." *Mendez Marrero v. Toledo,* 968 F.Supp. 27, 34 (D.P.R.1997); *Tavarez v. Champion Prods., Inc.,* 903 F.Supp. 268, 270 (D.P.R. 1995).

■ Here, plaintiff took the risk "to sit idly by and allow the summary judgment proponent to configure the record." *Kelly v. United States,* 924 F.2d 355, 358 (1st Cir.1991). Although the nonmovant's failure to provide a statement of contested material facts does not automatically warrant the granting of summary judgment, "it launches the nonmovant's case down the road towards an easy dismissal." *Mendez Marrero,* 968 F.Supp. at 34. Since all material facts in defendants' statement of uncontested material facts are deemed admitted, the Court need only examine whether, given the uncontested facts, defendants are entitled to judgment as a matter of law.

## II. *The Damages Claim against GCC*

■ Under the PRWCA, when an employee suffers a work-related injury, and the employer is insured according to the provisions of the PRWCA, the employer is immune from suit regardless of the employer's degree of negligence. 11 L.P.R.A. §§ 2, 21; *Santiago Hodge v. Parke Davis & Co.,* 126 D.P.R. 1 (1990).

The First Circuit Court of Appeals has held that, "[t]he concept of 'statutory employer' was fashioned by the Puerto Rico courts to extend an employer's immunity to certain persons who were not technically employers but were thought to deserve immunity from tort liability because of their close involvement in the employer-employee relationship." *Vega–Mena v. United States of America,* 990 F.2d 684, 686 (1st Cir.1993). To determine whether a GCC is an immune statutory employer "[t]he crucial factor in determining whether the requisite legal nexus exists is the nature and terms of the contractual relationship between the contractor and subcontractor." *Id.* at 687.

■ In his objections to the Magistrate Judge's Report and Recommendation, plaintiff merely avers that the immunity conferred upon statutory employers under Puerto Rico law does not extend to GCC because it was not obligated to insure plaintiff under its contract with Raytheon. It is, however, well established that if a contractor obligates its subcontractor in their contract to take out an insurance policy under the PRWCA, then the contractor is an immune statutory employer. *Vega–Mena,* 990 F.2d at 687.

In light of the uncontested facts that the Court has adopted pursuant to Local Rule 311.12, it is clearly undisputed that GCC required Raytheon under their vertical contractual relationship to have a workmen' compensation policy pursuant to the PRWCA. There is abundant evidence showing that Raytheon provided workmen's compensation insurance policy to plaintiff under the PRWCA. The Court's review of the record leads it to concur with Magistrate–Gelpi's conclusion that, given the uncontested facts, GCC is a statutory employer under the PRWCA.

## CONCLUSION

For the foregoing reasons, the Court **ADOPTS** Magistrate Judge Gelpi's Report

and Recommendation and **GRANTS** GCC's motion for summary judgment (Docket No. 3). Partial Judgment shall be entered **dismissing** plaintiff's claims against GCC.

IT IS SO ORDERED.